IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**RONALD WAYNE LEWIS,**

    Plaintiff,

v.                                                                                Civil Action No. **3:10CV129**

**STEPHEN WILEY MILLER,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Ronald Wayne Lewis, a former federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556).

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

By Memorandum Order entered on June 11, 2010, the Court directed Plaintiff to particularize his complaint. Specifically, the Court directed Plaintiff that:

> The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

(June 11, 2010 Mem. Order 1.) On June 25, 2010, the Court received the particularized complaint from Plaintiff.

In his particularized complaint Plaintiff complains that the prosecuting attorneys in his federal criminal case, Stephen Wiley Miller, Kevin Christopher Nunnally, and Tanya Helena

3

Powell violated, the rules of professional conduct when they offered his court appointed attorneys an "illegal, dishonest" plea agreement. (Part. Compl. 2.) Plaintiff also alleges that although he was not an armed career criminal, this allegation was repeated during his criminal proceedings. Page 2 of the particularized complaint includes the following heading: "SEVEN AMENDMENT CIVIL RIGHTS VIOLATED." (Part. Compl. 2.) Plaintiff then contends that the representation by Wiley, Nunnally, and Powell that he was an Armed Career Criminal "violated rules of professional conduct and committed defamation of character and slander when offer me that fraud fill plea agreement." (Part. Compl. 2 (capitalization corrected).) Plaintiff demands $50,000,000.00 from each defendant.

## Analysis

In *Bivens*, the Supreme Court held that damage suits could be maintained against persons acting under color of federal authority for violations of the Constitution. *Id.* 403 U.S. at 392-93. An action under *Bivens* is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials, while the latter is brought against state officials. *See Carlson v. Green*, 446 U.S. 14, 24-25 (1980). Despite the Court's prior directions, Plaintiff has not identified any constitutional right that was allegedly violated by the defendants. *See Paul v. Davis*, 424 U.S. 693, 712 (1976). "[A] defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment." *Sterne v. Thompson*, No. 1:05CV477, 2005 WL 2563179, at *4 (E.D. Va. Oct. 7, 2005) (*citing Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Paul*, 424 U.S. at 705; *Tigrett v. Rector & Visitors of Univ. of Va.*, 290 F.3d 620, 628–29 (4th Cir. 2002)). Damage to reputation is not a constitutionally protected interest, *Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort

actionable under the laws of most States, but not a constitutional deprivation.").

Accordingly, it is RECOMMENDED that the action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: FEB -8, 2011.
Richmond, Virginia

5