IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD WAYNE LEWIS,**

    Plaintiff,

v.                                             Civil Action No. **3:10CV129**

**STEPHEN WILEY MILLER,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Ronald Wayne Lewis, a former federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens*[1] action. The matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit.

### I. PROCEDURAL HISTORY

#### A.     Proceedings Prior to Lewis's Appeal

On February 8, 2011, the Magistrate Judge entered a Report and Recommendation recommending the dismissal of Lewis's *Bivens* action. *See Lewis v. Miller*, 3:10CV129, 2011 WL 1086477, at *2 (E.D. Va. Feb. 8, 2011). In the Report and Recommendation, the Court informed Lewis that if he wished to file objections or an amended complaint, he must do so within fourteen (14) days of the entry of the Report and Recommendation. *Id.* at *3. Lewis did not respond to the Report and Recommendation. Accordingly, by Memorandum Opinion and Order entered on March 23, 2011, the Court accepted the Report and Recommendation and dismissed the action. *Lewis v. Miller*, No. 3:10CV129, 2011 WL 1059283, at *3 (E.D. Va. Mar. 23, 2011); *Lewis v. Miller*, No. 3:10CV129, 2011 WL 1059207, at *1 (E.D. Va. Mar. 23, 2011).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On March 28, 2011, Lewis noted an appeal. On December 23, 2011, the United States Court of Appeals for the Fourth Circuit remanded the matter to this Court. *Lewis v. Miller*, No. 11-6435, 2011 WL 6450885, at *1 (4th Cir. Dec. 23, 2011). The Fourth Circuit noted,

> On April 5, 2011, Lewis filed a notice in the district court stating that he did not receive the report and recommendation. However, because Lewis had already noted his appeal, the district court did not have jurisdiction to act on that notice, which can be construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). In light of Lewis's contention that he did not receive the report and recommendation, we remand the case to the district court for it to construe the April 5, 2011 notice as a Rule 59(e) motion for reconsideration.

*Id.*

### B. Proceedings Subsequent to the Fourth Circuit's Remand

By Memorandum Order entered on March 14, 2012, the Court noted Lewis had not specified any grounds for relief under Rule 59(e).[2] Therefore, the Court sent Lewis a copy of the Report and Recommendation and directed Lewis to file any objections to the Report and Recommendation. Additionally, the Court offered Lewis the opportunity to submit a brief addressing the propriety of relief under Rule 59(e). On March 16, 2012, Lewis filed objections. Given these submissions, the Court will now address whether Lewis has satisfied the standard for Rule 59(e) relief or demonstrated any basis for setting aside the March 23, 2011 Memorandum Opinion and Order.

---

[2] The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In his April 5, 2011 Notice, Lewis merely stated that he could not object to the Report and Recommendation because he had not received the Report and Recommendation. Lewis failed to proffer any objection or specify why vacating the dismissal of the March 23, 2011 Memorandum Opinion and Order would prevent a "manifest injustice." *Id.*

## II. ANALYSIS

The Magistrate Judge made the following findings and recommendations:

### A. The Report and Recommendation

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson*

3

*v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

By Memorandum Order entered on June 11, 2010, the Court directed Plaintiff to particularize his complaint. Specifically, the Court directed Plaintiff that:

> The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

(June 11, 2010 Mem. Order 1.) On June 25, 2010, the Court received the particularized complaint from Plaintiff.

In his particularized complaint Plaintiff complains that the prosecuting attorneys in his federal criminal case, Stephen Wiley Miller, Kevin Christopher Nunnally, and Tanya Helena Powell violated, the rules of professional conduct when they offered his court appointed attorneys an "illegal, dishonest" plea agreement. (Part. Compl. 2.) Plaintiff also alleges that although he was not an armed career criminal, this allegation was repeated during his criminal proceedings. Page 2 of the particularized complaint includes the following heading: "SEVEN AMENDMENT CIVIL RIGHTS VIOLATED." (Part. Compl. 2.) Plaintiff then contends that the representation by Wiley, Nunnally, and Powell that he was an Armed Career Criminal "violated rules of professional conduct and committed defamation of character and slander when offer me that fraud fill plea agreement." (Part. Compl. 2 (capitalization corrected).) Plaintiff demands $50,000,000.00 from each defendant.

### Analysis

In *Bivens*, the Supreme Court held that damage suits could be maintained against persons acting under color of federal authority for violations of the

4

Constitution. *Id.* 403 U.S. at 392-93. An action under *Bivens* is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials, while the latter is brought against state officials. *See Carlson v. Green,* 446 U.S. 14, 24-25 (1980). Despite the Court's prior directions, Plaintiff has not identified any constitutional right that was allegedly violated by the defendants. *See Paul v. Davis,* 424 U.S. 693, 712 (1976). "[A] defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment." *Sterne v. Thompson,* No. 1:05CV477, 2005 WL 2563179, at *4 (E.D. Va. Oct. 7, 2005) *(citing Siegert v. Gilley,* 500 U.S. 226, 234 (1991); *Paul,* 424 U.S. at 705; *Tigrett v. Rector & Visitors of Univ. of Va.,* 290 F.3d 620, 628–29 (4th Cir. 2002)). Damage to reputation is not a constitutionally protected interest, *Siegert,* 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Accordingly, it is RECOMMENDED that the action be DISMISSED.

*Lewis v. Miller,* 3:10CV129, 2011 WL 1086477, at *1–2 (E.D. Va. Feb. 8, 2011).

## B. Standard of Review

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski,* 816 F. Supp. 408, 410 (D.S.C. 1993) *(citing Mathews v. Weber,* 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005).

### C. Lewis's Objections

In his objections, Lewis has not identified any legal or factual error in the Report and Recommendation. Rather, Lewis simply states,

> Stephen Wiley Miller, Kevin Christopher Nunnally and Tanya Helena Powell all violated Virginia State Bar Rules being a prosecutor, just read all rules. They tried to carreer [sic] me as armed carreer [sic] criminal when they knew they could not.
> They call it the railroad game but they got caught so its [sic] time to be punished for there [sic] actions. I feel like Rosa Parks when she would not get to the back of bus[.] I wrote Eric Holder about this and I can't wait to see the outcome of this injustice done by all these United States Attorneys.
> Wherefore I pray this honorable Court take of this injustice by these prosecuting attorneys and grant this objection.

(Pl.'s Obj. 1–2 (capitalization corrected).) The foregoing objection does not, as it must, direct the court to a specific error in the magistrate's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). Lewis has yet to identify any constitutional right violated by any of the named defendants. Accordingly, Lewis's Objections will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. Furthermore, because Lewis fails to demonstrate that alteration of the March 23, 2011 Memorandum Opinion and Order is necessary to correct "a clear error of law or prevent manifest injustice," *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases), Lewis's request for relief under Rule 59(e) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-23-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge